IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOSETTE ONEILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 4:13-cv-00154-TLW |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

On October 5, 2014, Plaintiff Josette Oneill brought a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that the Commissioner's position in this action was not substantially justified. (Doc. #29). The motion seeks reimbursement for representation in the above-captioned matter in the amount of $4,249.34[1] (representing $183.75 per hour for 11.25 hours of work by her attorney and $91.88 per hour for 23.75 hours of work by paralegals). Plaintiff also submitted a signed affidavit assigning her fee award to her attorney. The Commissioner filed a response on October 20, 2014, stating that she does not object to Plaintiff's motion and that she would accept the assignment and pay the fees directly to Plaintiff's counsel if it is shown that, at the time of this Order, Plaintiff owes no offset-qualifying debt to the government. (Doc. #30).

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was

---

[1] Plaintiff's motion actually requests $4,258.34 in compensation. However, this appears to be a typographical error. Plaintiff correctly states that the total compensation for her attorney's time is $2,067.19, and the total compensation for the paralegals' time is $2,182.15. It seems that she simply erred in adding the two figures together.

substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). To determine whether the Commissioner was "substantially justified" in terminating social security benefits and thus whether an award of attorney's fees under the EAJA is warranted, the Court asks whether there was arguably substantial evidence to support the Commissioner's position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

An award of fees or costs under the EAJA is payable to the party rather than to the attorney. Astrue v. Ratliff, 130 S. Ct. 2521, 2524 (2010). However, nothing in Ratliff divests the Commissioner of her discretion to pay the party's attorney directly where there is no debt owed to the government or funds remain after satisfaction of such debt, and the party has assigned the award to counsel. See, e.g., Walker v. Astrue, No. 2:09-cv-960-TFM, 2011 WL 1297744, at *2 (M.D. Ala. Apr. 5, 2011) ("While Ratliff generally confirms that attorney's fee awards under the EAJA are payable to the 'prevailing party'—the litigant—and are thus subject to offset any debt owed by such litigant to the United States, the opinion does not explicitly reject the practice of awarding fees to attorneys where the litigant has assigned the right to receive such fees directly.").

After careful consideration of the filings by the parties, the Court concludes that the Commissioner's position was not substantially justified and that the requested fees should be awarded. Accordingly, the Court hereby **ORDERS** that Plaintiff's motion for attorney's fees in the amount of $4,249.34 is **GRANTED**. (Doc. #29). If the Commissioner determines that Plaintiff owes no offset-qualifying debt to the government on the date of entry of this Order, the Commissioner may honor Plaintiff's signed assignment of fees to her counsel.

**IT IS SO ORDERED.**

                                                *s/ Terry L. Wooten*  
                                                Terry L. Wooten  
                                                Chief United States District Judge

February 26, 2015  
Columbia, South Carolina